IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

OSCAR DAVID URRUTIA,

                **Plaintiff,**

v.                                        CASE NO. 23-3036-JWL

**LARRY STAPP, et al.,**

                **Defendants.**

## MEMORANDUM AND ORDER

This matter is purported to be a civil rights action filed under 42 U.S.C. § 1983.[1] Mr. Urrutia is a prisoner in the Finney County Jail in Garden City, Kansas, and he proceeds *pro se* and has filed a motion for leave to proceed *in forma pauperis* (Doc. 2).

Plaintiff names three (3) defendants: Larry Stapp, owner of Stapp Auto Sales; Stephanie Bogner, real estate agent and Plaintiff's former landlord; and Hulk Towing Company. He alleges that he purchased a vehicle from Stapp with financing through Golden Plains Credit Union. When he lost his job, he was unable to make two payments. Hulk repossessed his vehicle. Plaintiff further alleges that Bogner evicted him without due process.

Plaintiff asserts violation of his right to due process of law and his equal protection rights, as well as claims for discrimination, invasion of privacy, defamation, and monopolization. He

---

[1] Plaintiff also mentions 42 U.S.C. § 3604, 29 U.S.C. § 215, 28 U.S.C. § 1367, 18 U.S.C. § 1361, 18 U.S.C. § 922, 42 U.S.C. § 12102, 42 U.S.C. § 2000e, 16 U.S.C. § 404c, 18 U.S.C. § 3142, 15 U.S.C. § 18, 15 U.S.C. § 2, 42 U.S.C. § 1985, 42 U.S.C. § 1981, K.S.A. 8-1567, K.S.A. 21-6609, and K.S.A. 84-1-307. None of these statutes provide a basis for Plaintiff to proceed in federal court on the allegations contained in the complaint.

seeks "clean credit" with Golden Plains and to have his vehicle paid in full. He also requests nominal damages for pain and suffering.

When a prisoner files a § 1983 action, a federal court must conduct an initial screening of the action. *See* 28 U.S.C. § 1915A(a). In conducting the screening, the court must identify any viable claim and must dismiss any part of the action that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. *See* 28 U.S.C § 1915A(b).

Having reviewed the complaint filed by Mr. Urrutia, the Court finds this action is legally frivolous and should be summarily dismissed. To state a claim under § 1983, a plaintiff "must show that the alleged (constitutional) deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48–49 (1988); *Daniels v. Williams*, 474 U.S. 327, 330–331 (1986); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). The "under color of state law" requirement is a "jurisdictional requisite for a § 1983 action." *West*, 487 U.S. at 42; *Polk County v. Dodson*, 454 U.S. 312 (1981). Thus, it is of no consequence how discriminatory or wrongful the actions a plaintiff may describe; merely private conduct does not satisfy the "under color of" element and therefore no § 1983 liability exists. *See Brentwood Academy v. Tennessee Secondary Athletic Ass'n*, 531 U.S. 288, 294–96 (2001); *American Manufs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). A defendant acts "under color of state law" when he "exercise[s] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West*, 487 U.S. at 49; *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Yanaki v. Iomed, Inc.*, 415 F.3d 1204, 1208 (10th Cir. 2005), *cert. denied*, 547 U.S. 1111 (2006).

None of the defendants named by Plaintiff are state actors or acting under color of state law and consequently cannot be held liable under § 1983.  The Court thus finds Plaintiff's claims legally frivolous and subject to summary dismissal.

For this reason, Plaintiff's complaint is dismissed.

**IT IS THEREFORE ORDERED** that this action is summarily **dismissed** as legally frivolous and for failure to state a claim.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) is **denied** as moot.

**IT IS SO ORDERED.**

**Dated February 14, 2023, in Kansas City, Kansas.**

<u>S/   John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**